is Bufkin against the United States. Mr. Hallard. Good morning, Your Honors.  In light of Davis, using a firearm to kidnap someone has never violated 18 U.S.C. section 924C. So the defendant's guilty pleas to that charge lacked a factual basis. But Davis cautioned that defendants whose 924C convictions are overturned, quote, will not even necessarily receive lighter sentences. The defendant's position, however, is that they are entitled not to lighter sentences, but to no sentence or conviction at all. I don't understand why we are here. I understand why the initial appeal was taken. But I don't understand why we are here now. You're asking us to tell the district court to do something, when as far as I can see, it has not dismissed the indictment. It simply vacated the plea. The prosecution appears to be still pending. Are you asking for an advisory opinion about what the district court should do next? We are not asking for that, Your Honor. I think that the question, Your Honor, is that the district court judgments simply say that the motion to vacate was granted and the 924C convictions were vacated. Yes, and that leaves the prosecution pending unless the district court enters a judgment of acquittal. So this case is pending in the district court. You're asking us to tell the district court to get on with the next step. Perhaps that may be, Your Honor. To the extent that the question is, was this decision final? Was this a de facto judgment of acquittal? I think we felt it was better to run the risk of this court concluding that than to dismiss our appeal and have the court later conclude otherwise. Mr. Hall, let me ask you a related question. When the plea was taken here, just as a factual matter, we'll figure the argument stuff out later. When the plea was taken, were the kidnapping charges dismissed? Not at the time of the plea, Your Honor, no. By the plea agreement, the terms of the plea agreement require them to be dismissed, right? Yes, Your Honor. So the kidnapping charges are still technically kind of live, if you will. At the time of the plea, they are, Your Honor. At the time that the judgment is entered, the court dismissed the, as part of the plea agreement, that's when the kidnapping charges are dismissed. Okay, and so as we're talking today, the kidnapping charges are dismissed? As we stand here today, Your Honor, we believe that, yes, the kidnapping charges are dismissed. And that's why you have pending in the district court, as we're talking today, an unresolved, in fact a stayed, 3296 motion, right? Yes, Your Honor. Yes, and that's whatever happens in the Seventh Circuit happens, and then we'll take the reinstatement up, at least as the table is set right now, later, if need be. I think that's correct, Your Honor. The question, I guess, that we faced was what exactly had the district court done? We received an order on a Friday that said the order, the amended judgment in a civil case, that's appendix pages 5 and 6 of the appendix. And we went on Monday to figure out, we didn't actually get the order until Monday, and we went to figure out what was going on, and we were told by BOP, well, no, we received a call from the district court's chambers, and these defendants are out. We were told to release them. And so we assumed that the court may have entered a judgment of acquittal. We didn't know what the court was going to do. We filed, within a week, a motion to reinstate. The district court didn't act on it. We filed a motion to detain. The district court didn't act on it. There was nothing else for us to do at that point other than to try to figure out what to do. If the problem is that there are things the district judge needs to do and simply isn't doing, the petition for mandamus is the way to proceed. Well, Your Honor. You don't ask for an advisory opinion in connection with an action of the district court that you are no longer attacking. What we're attacking, Your Honor, is the amended judgment in this case. The amended judgment in this case says that the petitioner's motion to vacate is granted and the 924C conviction is vacated. The government's position is that the amended judgment should instead say that the judgment is modified to reflect a conviction on the kidnapping count. That's our lead remedy argument. So that's our position as to why there is jurisdiction on this count. If the court believes that the court can't render a decision on that and that it's clear that the district court's decision is not a judgment of acquittal, then the court should recognize that Davis is retroactive, affirm the court to the extent that it says that count 2 is vacated, and remand for further proceedings in the district court. And that's what the court should do at that point, if that's the court's view. The government was concerned that the district court seemed to view this as acquittal, seemed to be taking no action, and seemed to think that it was done with the case. And so the government proceeded as it did. So that's why we are here before this court. On the merits of the remedy, Your Honor, we do believe that the correct remedy is to amend the civil judgment to instead simply reflect a judgment of conviction on the kidnapping count that the defendants have pled to. Alternatively, I do agree, Judge Easterbrook, that certainly it would be within the rights for this court to instead remand. On the merits of the reinstatement issue, we don't believe that simple acquittal is appropriate. We do believe, for the reasons stated in Bunner, in Green, in Potty, in Mulder, that the correct remedy, should the court find that the correct remedy is not to simply impose judgment of conviction on kidnapping and move on, would be unwinding the plea entirely to the beginning of proceedings in this case and to proceed forward with a trial on the kidnapping count that the defendants consent. You had a lot of chances, the government had a lot of chances, though, realizing Johnson and where Johnson could be headed in the future to leave the kidnapping on the table. Didn't it not, Mr. Hart? You didn't have to, for example, you could have said, look, I mean, he's going to plead to 924C and kidnapping, or we're not going to dismiss the kidnapping charge. We're going to leave it pending. But when the kidnapping charge is dismissed and taken out of the case entirely, on the government's choosing. I mean, this all occurred in 2013, Your Honor, two years before Johnson. I don't think it was on anybody's horizon that kidnapping was no longer going to be considered a crime of violence at that point. And really, part of kidnapping not being a crime of violence also ties into Mathis and the divisibility issue. So I don't think that it was on anybody's horizon in this case, back at the time of the plea, years before Johnson, that there would be no possibility of reinstatement. I just think it's hard to envision that the government should be able to envision all these things. Furthermore, I think this case is in my- Bottom line, what you seem to want is sentencing on dismissed counts, right? Yes, Your Honor. We believe that if on our reinstatement issue, our belief is to the extent there was an error in this case, the error occurred at the plea stage. The error was that the defendant was improperly informed of the charges. And as the Tenth Circuit explained in Bunner, or as this court explained in Anderson, the remedy is to unwind all the way to the plea stage and let everybody start over. The remedy isn't for the government to have to bear its burdens, but for the defendant to get out of his or her burdens in the case. I am into my rebuttal time. I'd ask to reserve it. Certainly, Mr. Holler. Mr. Osborne. Mr. Osborne, I want to ask you roughly the same question, is what do you think is before us? I think from your papers, your answer is going to be nothing. That's correct, Your Honor. May it please the court. The judgment of the district court should be affirmed because the government has conceded the only issue that it chose to present in this appeal. Should be affirmed? Well, affirmed if we think the judgment is right. But, of course, the judgment that the plea is properly vacated is not being contested, at least not now, not in the latest incarnation of this appeal. If the judgment isn't being contested, why do we do anything other than dismiss the appeal? Well, Your Honor, I think that that would also be proper. Should we say anything about the kidnapping charges? Sure, Your Honor. What do you think their proper status is? So while those issues aren't properly before this court, we think that the resentencing arguments and the reinstatement arguments that the government now makes are also without merit. So I think on the resentencing— No, I'm asking about what you think their status is. The government obviously wants these other charges reinstated and wants to proceed. The district judge has not entered a judgment of acquittal or anything like that. It's just vacated the plea, right? So the prosecutor says we want to take advantage of the normal rule that when a plea agreement is set aside, when a plea with a plea agreement is set aside, everything unwinds back to where the world was when there was a plea of not guilty. And that thing had some pending kidnapping charges. The question I'm asking is, is that before us now? Is it before the district court? What is its status? So it's not before you now. It is before the district court. And how long has it been before the district court? Since 10 days following the district court's judgment in this case. In other words, years. It's been before the district court for years without action. That's correct, Your Honor. Mr. Osborne, let me ask the question. I intend it to be the same substantive question. I'm going to ask it a little bit differently. There's a 3296 motion pending in the district court, right? Yes. So if the 3296 motion is granted, I think to a near certainty your client will appeal. If the 3296 motion is denied, my sense is that the government will appeal. So I almost view it as inevitable that we're facing two appeals here, the one we're talking about today, and then another one. I guess part of that could depend upon, you know, what we hold today or what we do. Should that concern us at all? Well, Your Honor, I think that you could rule that the 3296 motion is improper because the charges actually are dismissed with prejudice. They're not actually pending in the district court. So our clients, when they – But, I mean, that's truly advisory, right, on our part? I mean, that's a pure advisory opinion. Well, Your Honor, I don't think that it would be an advisory opinion in the sense that it's the form of relief that the government is asking for, and I think it would be okay for the court to reject that if it were to reach and to excuse the government's waivers in this case. But, again, it's not properly in front of this court, the 3296 motion. The charges that we would say that the plea agreement remains actually intact. The petitioners didn't vacate their plea agreement. They did not make any claim that their plea agreement was unknowing or involuntary. As the Supreme Court's decision in class clarified, challenging the statute of conviction underlying a plea agreement does not vacate that plea agreement if the plea agreement doesn't expressly waive that right. You know, you say in your brief that the petitioners have complied with all of their obligations under their plea agreement, but they haven't. Didn't they agree not to challenge their sentence or conviction? Well, Your Honor, there is that provision in the plea agreement, but the plea agreement does not. So they've complied with all the parts they want to and not the parts they don't want to. No, well, Your Honor, the plea agreement doesn't expressly waive their right to challenge the constitutionality of their statute of conviction. In class, there was similar language in a plea colloquy that the government challenged where the defendant in class was told that he was waiving his rights to his conviction, and the defendant agreed. The Supreme Court ruled in class that that was not sufficient, that that did not constitute a waiver of a right to challenge the constitutionality of the statute of conviction. So they did not breach their plea agreement here where there was no express provision that they didn't challenge the constitutionality of the statute of conviction. And I think further, the government's decisions, litigation decisions in this case, show that it didn't think that they breached the agreement either. In the district court, it was put on notice in the district court's order that failure to rely on the waiver provision waived reliance on that provision, which is consistent with this court's precedent. The government made no mention in its brief. Instead, said it was bringing this claim to facilitate appellate resolution of the 924C claim and sought only to reinstate the 924C claim in its appellate brief. So any reliance on that provision of the plea agreement on the government's behalf has been waived. But again, I think that gets to the main issue in this case, which is that these issues aren't properly before the court because the government failed to raise any of them in the district court or in its opening brief. It may well be that they're not properly before us. All right. Section 3296A.4 says that the U.S. has to move for reinstatement within 60 days. And I gather you're conceding that that was done. Yes, Your Honor. Has the district judge said anything about why it's not ruled on that question? It stayed the motion pending this appeal. But our contention is that 3296A.3 is actually the proper provision to show that that statute doesn't apply here. The guilty plea was subsequently vacated on the motion of the defendant. That's what 3 says. And that's exactly what happened. It was vacated on the motion of the defendant. That's not right, Your Honor. The plea agreement was not vacated on the motion of the defendant. The statute of conviction – It doesn't say the plea agreement was vacated. It says the guilty plea was subsequently vacated on the motion of the defendant. And the guilty plea was vacated on the defendant's motion. No, that's not correct, Your Honor. The guilty plea was – I am quoting from the statute. I understand that, Your Honor. But vacating the guilty plea is not the same as vacating the statute of conviction underlying that guilty plea. That was the whole point of class, that challenging the statute of conviction – I'm now completely out of it. Statutes aren't vacated. 3 says the guilty plea was subsequently vacated on the motion of the defendant. And that happened. There was a 2255 motion to vacate the plea, which the district court granted. The motion was not – So 3 has been satisfied. No, Your Honor. The plea itself, the guilty plea, as class states, when a petitioner challenges the statute of conviction underlying their guilty plea, that does not challenge the guilty plea itself. Nothing in the petition says that petitioners did not engage in the conduct that they admitted to engaging in. It simply states that the government did not have power to enter the conviction under the 924C3B statute. So that itself, as class states, does not vacate the plea. It vacates the statute of conviction underlying it. No, but that's not a construction of 3296, is it? That's not a – And statutes cannot be vacated by district courts. That's not what happens. Judgments can be vacated by district courts, but statutes are not vacated by district courts. Sir, the statute wasn't, but the statute on which the underlying conviction was – the statute on which the underlying conviction was based was determined unconstitutional based on this Court's precedent and based on the Supreme Court's rulings and judgment. So the 924C went away. Got it. The 924C went away. We got it, right. That's correct. Right. And so the plea agreement itself remains in effect. What the government is asking is to get rid of the plea agreement altogether. No, look. Because – The statute doesn't talk about the plea agreement. It talks about the plea. I've already quoted the language. Okay, Your Honor. The plea itself, the guilty plea, is not vacated when the statute underlying a conviction in that plea is determined unconstitutional. So I think that this Court's case in Binford is instructive, which we point to in our brief. In that case, a petitioner was convicted of two counts. They challenged one count of conviction. That did not in any way challenge the guilty plea. The plea remained in effect, and the Court sent back for resentencing on the remaining valid count of conviction. But, of course, here there is no remaining valid count of conviction, as Judge Roedner's question pointed out on the top side. And so that's one of the reasons why the government's resentencing arguments are without precedent in this circuit and would be wrong. Of course, our clients never pleaded guilty to the kidnapping charge. They never knowingly or voluntarily pleaded guilty. So I see my time's up. But with that, Your Honor, because the government's made these arguments, we'd urge the Court to affirm. Thank you, Counsel. Anything further, Mr. Haller? Yes, Your Honor. Waiver is the intentional relinquishment of a known right. The government has not waived any of its remedial arguments in this case. The government has always disagreed with the defendant's contention that the vacatur or the grant of the amended judgment in this case somehow allows them to walk justly free in society, acquitted innocent of kidnapping. That is not what the government has ever argued. In the view of the government, based on the district court's actions, the government has been concerned that this has been viewed as a judgment of acquittal. That just has never been formally entered on a written document. The government has therefore pursued disappeal. The government's view, the Solicitor General's view, is that the amended judgment in the civil action should be modified to reflect a conviction not on the 924C count but on the kidnapping count. To the extent that the court... And that's the motion you have pending right now, right? In the district court. In the district court. The motion that we filed in the district court is a motion to reinstate count one. That's our second remedial argument here on appeal, which is to unwind everything back to the plea stage. Our first argument is the Sepulveda-Hernandez argument that essentially the court should simply sub in the kidnapping count and should modify the judgment accordingly, and that's why we're present in this court. The court disagrees with our first remedy and believes, as some members of this panel seem to have expressed, that the second remedy is the correct remedy, not our first remedy and not the defendant's proposed remedy, then perhaps the court should say that the government's argument is wrong and so there is more left to do in the district court and remand for that purpose. One of the difficulties is that, I mean, there's some questions along the way to get to your ideal world here, right? I mean, you have to conclude that kidnapping is a lesser included... I mean, there are some hoops you've got to jump through, and maybe you can jump through them in a way that is exactly as the government is urging, but I don't know, and we have no... The briefing that's come in on this is in supplemental briefs. District court hasn't really considered any of it. I think the question of the appropriate remedy is a legal one. I think it's one that can be decided by the district court. I think it's also one that can be decided on this court. We are asking that the terms of the amended judgment be changed, and so we believe there is jurisdiction to the extent the court disagrees. It can affirm and remand or it can dismiss the appeal. The government's main purpose is to make clear that it does not believe acquittal is appropriate and that more needs to be done to return these defendants to incarceration. Thank you, Your Honor. Thank you, counsel. Mr. Osborne, the court appreciates your willingness and that of the Legal Aid Clinic to accept the appointment in this case and your assistance to the court as well as your client. The case is taken under advisement.